# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Samantha Latorre<br><br>      Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br><br>      Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Samantha Latorre, ("Samantha"), is a natural person who resided in Tampa, Florida, at all times relevant to this action.

2. Defendant, Stellar Recovery, Inc., ("SR"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with

Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. SR uses a predictive dialer system.

7. Before SR began contacting Samantha, it and Samantha had no prior business relationship and Samantha had never provided express consent to SR to be contacted on her cellular telephone.

8. SR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of SR's revenue is debt collection.

10. SR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, SR contacted Samantha to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Samantha is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, SR willingly and knowingly used an automatic telephone dialing system to call Samantha on her cellular phone multiple times in violation of the TCPA.

15. Within the past twelve months, SR began calling Samantha on Samantha's cellular phone in connection with the collection of the debt.

16. Shortly after the calls began, Samantha communicated her desire that SR cease calling her.

17. Despite this communication, SR continued to call Samantha on Samantha's cellular phone in connection with the collection of the debt.

18. Samantha repeatedly communicated her desire that SR cease calling her.

19. A few months after SR began calling Samantha, SR called Samantha's mother, ("Mother"), on Mother's residential line in connection with the collection of the debt.

20. At the time of this communication, SR already had Samantha's location information.

21. During this communication, Mother notified SR that SR didn't need to call Mother to reach Samantha.

22. Despite this communication, shortly thereafter, SR called Mother again in connection with the collection of the debt.

23. During this communication, SR promised to make a note to stop calling Mother.

24. Despite this promise, SR continued to call Mother on Mother's residential line in connection with the collection of the debt.

25. SR caused Samantha emotional distress.

26. SR attempted to collect a debt from Samantha.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 26 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 26 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 26 above as if fully set forth herein.

32. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 26 above as if fully set forth herein.

34. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT FIVE

### Violations of the Florida Consumer Collection Practices Act

35. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 26 above as if fully set forth herein.

36. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

37. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

38. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

39. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff or Plaintiff's family member with such frequency as can reasonably be expected to harass Plaintiff or Plaintiff's family member, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family member.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:＿＿/s/ H. Karen Gatto＿＿＿
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
8270 Woodland Center Blvd.
Tampa, FL  33614
Phone: 800-675-5507
Email: kgatto@gattolaw.com

Date: April 8, 2015